8/23/2019 5:05 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 36246023
By: Nancy Torres
Filed: 8/23/2019 5:05 PM

CAUSE NO. _____

**Exhibit A**

| | | |
|---|---|---|
| STEVE O. SOYEBO, | § | IN THE DISTRICT COURT OF |
| *Plaintiff* | § | |
| | § | HARRIS COUNTY, TEXAS |
| v. | § | |
| | § | _____ JUDICIAL DISTRICT |
| EVANSTON INSURANCE COMPANY | § | |
| *Defendant* | § | **JURY TRIAL DEMANDED** |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW PLAINTIFF Steve O. Soyebo ("Plaintiff") and files this Original Petition against Evanston Insurance Company ("Defendant") and, in support thereof, would respectfully show the Court the following:

### I.
### DISCOVERY CONTROL PLAN AND MONETARY RELIEF

1.     Plaintiff intends to conduct discovery under Level 2.  Tex. R. Civ. P. 190.3.

2.     Plaintiff seeks monetary relief over $200,000 but not more than $1,000,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees.   Tex. R. Civ. P. 47(c)(4).

### II.
### CONDITIONS PRECEDENT

3.     Pursuant to Tex. R. Civ. P. 54, Plaintiff asserts that all conditions precedent to recovery have been performed or have occurred.

### III.
### PARTIES, JURISDICTION AND VENUE

Certified Document Number: 86809284 - Page 1 of 9

## A. PARTIES.

4.    Plaintiff Steve O. Soyebo is a Texas resident(s), who resides at 9844 SW Frwy, Harris County, Houston, TX 77035.

5.    Defendant Evanston Insurance Company is an insurance company doing business in the State of Texas, which may be served through its general manager or any other officer or director, via certified mail, at Ten Parkway North Deerfield, Illinois 60015.  As it relates to the event giving rise to this Petition, Plaintiff invokes the right to institute this suit against any entity that was conducting business using the assumed or common name of Evanston Insurance Company.  Pursuant to Tex. R. Civ. P. 28, Plaintiff moves the Court to order Defendant to substitute its true name if different from the name stated herein.

## B. JURISDICTION.

6.    The Court has subject matter jurisdiction over this cause of action because it involves an amount in controversy in excess of the minimum jurisdictional limits of the Court.

7.    The Court has both general and specific personal jurisdiction over Defendant.  The Court has general jurisdiction over Defendant, as Defendant has sufficient minimum contacts with and within this State and has purposefully availed itself of the privilege of conducting activities within this State, thus invoking the benefits, protections, and obligations of this State's laws. Defendant's contacts with this State, which are continuous and systematic, include doing business in Texas, selling and delivering insurance products in Texas, entering into contracts for insurance in Texas with Texas residents, insuring property located in Texas, underwriting insurance policies in Texas, accepting policy premiums in Texas and adjusting insurance claims in Texas.    This activity was not the unilateral activity of another party or a third person.

Certified Document Number: 86809284 - Page 2 of 9

8.      Defendant's contacts with Texas, relied upon by Plaintiff, were purposeful and were not random, fortuitous, or attenuated, and are thus subject to the jurisdiction of this State in suits based on its activities.  The Court has jurisdiction over Defendant because: (1) Defendant purposefully availed itself of the benefits of conducting activities in Texas, and (2) the cause of action arises from or relates to those contacts or activities.

9.      The Court has specific jurisdiction over this matter as it involved the execution, performance, and breach of a Texas insurance contract with Plaintiff, who is a Texas resident, with regards to an insured risk and/or property located in Texas.   As a matter of law, Defendant conducted business in this State because, without limitation, Defendant conducted the business of insurance in Texas and committed one or more torts and/or violated the Texas DTPA and/or Insurance Code, in whole or in part in this State, against Plaintiff in Harris County, Texas. Defendant has sufficient and/or minimum contacts with this State, and thus Plaintiff affirmatively assert the Court's exercise of jurisdiction over Defendant comports with "traditional notions of fair play and substantial justice."

## C.      VENUE.

10.      Venue is proper in Harris County because all or a substantial part of the events or omissions giving rise to the claim occurred in Harris County. Tex. Civ. Prac. & Rem. Code § 15.002(a)(l).  The property subject to this dispute and which is owned by Plaintiff is located in Harris County.  The insurance policy insuring the property was executed in Harris County. The damage to the property resulted from an event or occurrence in Harris County.  The resulting insurance claim that was made by Plaintiff, the property inspection performed by Defendant, and the denial and/or underpayment of the insurance claim by Defendant occurred in Harris County.

Certified Document Number: 86809284 - Page 3 of 9

## IV.
### FACTUAL BACKGROUND

11.     Steve O. Soyebo is a named insured under a property insurance policy issued by Evanston Insurance Company.  The policy number is ***5486.

12.     On August 28, 2017, Hurricane Harvey hit the Texas coast, which included Harris County. The impact of this storm caused roof and interior damage to Plaintiff's house. The hurricane damaged the roof's shingles, causing water to enter into the house. As a result, his ceilings and walls experienced staining and damage. Thereafter, Plaintiff filed a claim on his insurance policy.

13.     Plaintiff asserts that Defendant improperly denied and/or underpaid the claim.

14.     Plaintiff asserts that Defendant conducted a substandard investigation and inspection of the property, prepared a report, which did not include all of the damages that were observed during the inspection, and undervalued the damages observed during the inspection.

15.     Defendant performed an outcome-oriented investigation of Plaintiff's claim. Defendant's (improper) claims handling included Defendant's biased claims adjustment, and an unfair and inequitable evaluation of Plaintiff's losses on the property.  In addition, Defendant's claims handling included both an unreasonable investigation and underpayment of Plaintiff's claim.

## V.
### CAUSES OF ACTION AND ATTORNEY'S FEES

16.     Plaintiff incorporates the foregoing for all purposes.

**A.      BREACH OF CONTRACT**

17.     Plaintiff and Defendant entered into an insurance contract. Defendant breached this contract by, without limitation, inadequately and/or improperly investigating Plaintiff's insurance

claim, wrongfully denying and/or underpaying the claim. Defendant damaged Plaintiff through its actions and/or inactions described herein.

**B.    PROMPT PAYMENT OF CLAIMS STATUTE**

18.     Defendant's failure to pay for Plaintiff's losses and/ or to follow the statutory time guidelines for accepting or denying coverage constitutes a violation of Section 542.001 *et seq.* of the Texas Insurance Code, including without limitation §§ 542.055-.058.

19.     In addition to Plaintiff's claim for damages, Defendant's violation of the Tex. Insurance Code entitles Plaintiff to penalties, interest and attorney's fees as set forth in Section 542.060 of the Texas Insurance Code.

**C.    BAD FAITH**

20.     Defendant is an insurance company and insured Plaintiff's property. Defendant is required to comply with Chapter 541 of the Texas Insurance Code.

21.     Defendant violated Section 541.051 of the Texas Insurance Code by, without limitation, making statements misrepresenting the terms and/or benefits of the policy.

22.     Defendant also violated Section 541.060 by, without limitation:

  a.    Misrepresenting to Plaintiff a material fact or policy provision relating to coverage at issue;

  b.    Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability had become reasonably clear;

  c.    Failing to promptly provide to Plaintiff a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromised settlement of a claim;

Certified Document Number: 86809284 - Page 5 of 9

Certified Document Number: 86809284 - Page 6 of 9

    d.    Failing within a reasonable time to affirm or deny coverage of a claim to Plaintiff or submit a reservation of rights to Plaintiff; and/or

    e.    Refusing to pay the claim without conducting a reasonable investigation with respect to the claim;

23.    Defendant violated Section 541.061 by, without limitation:

    a.    Making an untrue statement of material fact;

    b.    Failing to state a material fact necessary to make other statements made not misleading considering the circumstances under which the statements were made;

    c.    Making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;

    d.    Making a material misstatement of law; and/or

    e.    Failing to disclose a matter required by law to be disclosed.

24.    Defendant knowingly committed the acts complained of. As such, Plaintiff is entitled to exemplary and/or treble damages pursuant to Texas Insurance Code Section 541.152(a)-(b).

**D.    Additional Claims & Damages**.

25.    Plaintiff also seeks to recover damages and/or actual damages "caused by" Defendant's Insurance Code violations. This includes, without limitation, damages resulting from Defendant's delay in payment, resulting from Defendant's unreasonable investigation. This includes, without limitation, costs for temporary repairs, additional property damage to Plaintiff's home during the pendency of the claims process and this litigation, costs associated with appraisal costs or sums related to pre-appraisal damage assessments.

26.     Plaintiff also seeks damages to compensate Plaintiff for the tangible and intangible consequences, suffering, stress and mental anguish of having to live with an unrepaired home for months.

E.     **ATTORNEY'S FEES**

27.     Plaintiff engaged the undersigned attorneys to prosecute this lawsuit against Defendant and agreed to pay reasonable attorney's fees and expenses through trial and any appeal.

28.     Plaintiff is entitled to reasonable and necessary attorney's fees pursuant to Texas Civil Practice and Remedies Code Sections 38.001-38.003 because an attorney that represents Plaintiff presented the claim to Defendant, and Defendant did not tender the just amount owed before the expiration of the 30th day after the claim was presented.

29.     Plaintiff further prays that he be awarded all reasonable attorney's fees incurred in prosecuting his causes of action through trial and any appeal pursuant to Sections 541.152 and 542.060 of the Texas Insurance Code.

**VI.**
**TEX. R. CIV. P. 193.7 NOTICE.**

31.     Pursuant to Tex. R. Civ. P. 193.7, the undersigned hereby notifies all parties and counsel of record that Plaintiff may introduce into evidence at the time of trial or pre-trial, those documents produced by all parties in response to requests for production and/or requests for disclosure in this matter.

**VII.**
**JURY DEMAND**

32.     Pursuant to Tex. R. Civ. P. 216, Plaintiff hereby demands trial by jury and has tendered the appropriate fee.

## VIII.
### PRAYER

33.    WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein, and that, after due process of law, Plaintiff have judgment against Defendant for actual damages, together with exemplary damages, statutory damages, treble damages, statutory interest, pre-judgment interest, post-judgment interest, attorney's fees, costs of suit, and for all such other and further relief, both general and special, in law and in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

**THE BUZBEE LAW FIRM**

By: */s/ Anthony G.Buzbee*
    Anthony G. Buzbee
    State Bar No. 24001820
    tbuzbee@txattorneys.com
    Christopher J. Leavitt
    State Bar No. 24053318
    cleavitt@txattorneys.com
    JP Morgan Chase Tower
    600 Travis, Suite 6850
    Houston, Texas  77002
    Telephone: (713) 223-5393
    Facsimile: (713) 223-5909

    AND

**LAW OFFICES OF MANUEL SOLIS, PC**

By: */s/ Stephen R. Walker*
    Stephen R. Walker
    State Bar No. 24001820
    Texas Bar No. 24034729
    Gregory J. Finney
    Texas Bar No. 24044430
    Juan A. Solis
    Texas Bar No. 24103040
    6657 Navigation Blvd.
    Houston, TX 77011
    Phone: (713) 277-7838
    Fax: (281) 377-3924
    swalker@manuelsolis.com
    gfinney@manuelsolis.com
    jusolis@manuelsolis.com

**ATTORNEYS FOR PLAINTIFF**



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   September 23, 2019

Certified Document Number:        86809284 Total Pages:  9

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

8/23/2019 5:05:33 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 36246023
By: TORRES, NANCY
Filed: 8/23/2019 5:05:33 PM

# Marilyn Burgess

## HARRIS COUNTY DISTRICT CLERK

201 Caroline | P.O. Box 4651 | Houston, Texas 77210-4651 | 832-927-5800 | www.hcdistrictclerk.com

## Request for Issuance of Service

**CASE NUMBER:** _____  **CURRENT COURT:** _____

**Name(s) of Documents to be served:** <u>PLAINTIFF'S ORIGINAL PETITION</u>

**FILE DATE:** <u>08/23/2019</u> _____  Month/Day/Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

**Issue Service to:** <u>EVANSTON INSURANCE COMPANY</u>

Address of Service: <u>Ten Parkway North</u>

City, State & Zip: <u>Deerfield, Illinois 60015</u>

Agent (if applicable) _____

**TYPE OF SERVICE/PROCESS TO BE ISSUED:** (Check the proper Box)

- [x] **Citation**
- [ ] **Citation by Posting**
- [ ] **Citation by Publication**
- [ ] **Citations Rule 106 Service**
- [ ] **Citation Scire Facias** Newspaper_____
- [ ] **Temporary Restraining Order**
- [ ] **Precept**
- [ ] **Notice**
- [ ] **Protective Order**
- [ ] **Secretary of State Citation ($12.00)**
- [ ] **Capias (not an E-Issuance)**
- [ ] **Attachment**
- [ ] **Certiorari**
- [ ] **Highway Commission ($12.00)**
- [ ] **Commissioner of Insurance ($12.00)**
- [ ] **Hague Convention ($16.00)**
- [ ] **Garnishment**
- [ ] **Habeas Corpus**
- [ ] **Injunction**
- [ ] **Sequestration**
- [ ] **Subpoena**
- [ ] **Other (Please Describe)** _____

**(See additional Forms for Post Judgment Service)**

**SERVICE BY (check one):**
- [ ] **ATTORNEY PICK-UP (phone)** _____
- [ ] **E-Issuance by District Clerk**
- [ ] **MAIL to attorney at:** _____  **(No Service Copy Fees Charged)**
- [ ] **CONSTABLE**
- [ ] **CERTIFIED MAIL by District Clerk**

*Note:* The email registered with EfileTexas.gov must be used to retrieve the E-Issuance Service Documents. Visit www.hcdistrictclerk.com for more instructions.

- [x] **CIVIL PROCESS SERVER -** Authorized Person to Pick-up: <u>COURT RECORD</u>  Phone: <u>713227335</u>
- [ ] **OTHER,** *explain* _____

**Issuance of Service Requested By:** Attorney/Party Name: <u>Christopher Leavitt</u>  Bar # or ID <u>24053318</u>

Mailing Address: <u>600 Travis, Ste 7300, Houston, TX 77002</u>

Phone Number: <u>713-223-5393</u>

Certified Document Number: 86809285 - Page 1 of 1



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   September 23, 2019

Certified Document Number:        86809285 Total Pages:  1

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**



# MARILYN BURGESS

### Harris County District Clerk

## Civil Process Pick-Up Form

## CAUSE NUMBER 2019-59494

**ATY**        **CIV X**        **Court 151**

| REQUESTING ATTORNEY/FIRM NOTIFICATION |
|---|
| **\*ATTORNEY: Leavitt, Christopher**        **713-223-5393** |
| **\*CIVIL PROCESS SERVER:** CRR #101 |
| **\*PH:** 713-227-3353 |
| **\*PERSON NOTIFIED SVC READY:**        Aaron |
| **\* NOTIFIED BY:**        Nancy |
| **\*DATE:**        8/30/19 |

| | | | |
|---|---|---|---|
| Type of Service Document: | citation | Tracking Number: | 73664107 |
| Type of Service Document: | | Tracking Number: | |
| Type of Service Document: | | Tracking Number: | |
| Type of Service Document: | | Tracking Number: | |
| Type of Service Document: | | Tracking Number: | |
| Type of Service Document: | | Tracking Number: | |
| Type of Service Document: | | Tracking Number: | |

**Process papers prepared by:**        **N. Torres**

Date: 8/28/19        30 days waiting:  9/28/19

| | |
|---|---|
| **\*Process papers released to:** | _____ |
| | (PRINT NAME) |
| 713-3513 | _____ |
| (CONTACT NUMBER) | (SIGNATURE) Iris Collins |
| **\*Process papers released by:** | _____ |
| | (PRINT NAME)   Iris Collins |
| | _____ |
| | (SIGNATURE) |
| **\* Date** 8/3 ,2019 | **Time** 9   **AM/PM** |

Entire document must be completed   (do not change this document)   Revised 1/3/2019

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging.

Certified Document Number: 86954426 - Page 1 of 1



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   September 23, 2019

Certified Document Number:        86954426 Total Pages:  1

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

9/17/2019 4:55 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 36894924
By: SHANNON NORTH-GONZALEZ
Filed: 9/17/2019 4:55 PM

CAUSE NO.  201959494

RECEIPT NO.                     0.00      CIV
         **********         TR # 73664107

PLAINTIFF: SOYEBO, STEVE O                     In The   151st
              vs.                              Judicial District Court
DEFENDANT: EVANSTON INSURANCE COMPANY          of Harris County, Texas
                                               151ST DISTRICT COURT
                                               Houston, TX

                          CITATION

THE STATE OF TEXAS
County of Harris


TO: EVANSTON INSURANCE COMPANY MAY BE SERVED THROUGH ITS GENERAL MANAGER
    OR ANY OFFICER OR DIRECTOR
    TEN PARKWAY NORTH   DEERFIELD IL  60015
    Attached is a copy of PLAINTIFF'S ORIGINAL PETITION


This instrument was filed on the 23rd day of August, 2019, in the above cited cause number
and court. The instrument attached describes the claim against you.

     YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
     This citation was issued on 28th day of August, 2019, under my hand and
seal of said Court.

Issued at request of:                          MARILYN BURGESS, District Clerk
LEAVITT, CHRISTOPHER JERROD                    Harris County, Texas
600  TRAVIS STREET SUITE 7300                  201 Caroline, Houston, Texas 77002
HOUSTON, TX  77002                             (P.O. Box 4651, Houston, Texas 77210)
Tel: (713) 223-5393
Bar No.:  24053318                             Generated By: TORRES, NANCY  N7F//11310645

                   OFFICER/AUTHORIZED PERSON RETURN
Came to hand at _____ o'clock ____.M., on the _____ day of _____, _____.

Executed at (address) _____ in

_____ County at _____ o'clock ____.M., on the _____ day of _____,

_____, by delivering to _____ defendant, in person, a

true copy of this Citation together with the accompanying _____ copy(ies) of the Petition

attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this _____ day of _____, _____.

FEE: $ _____
                                        _____

                                        _____ of _____County, Texas

                                        By _____
         Affiant                                          Deputy

AFFIDAVIT ATTACHED

Certified Document Number: 87196074 - Page 1 of 2

NO. 2019-59494

| | | |
|---|---|---|
| STEVE O. SOYEBO | § § | |
| VS. | § § | IN THE 151ST JUDICIAL DISTRICT COURT OF HARRIS COUNTY, TEXAS |
| EVANSTON INSURANCE COMPANY | § § § | |

### AFFIDAVIT OF SERVICE

**BEFORE ME**, the undersigned authority, _Roger Burton_ (Process Server), personally appeared **on this** _10_ **day of** _September_, **2019** and stated under oath as follows:

1. My name is _Roger Burton_ (server). i am authorized to deliver Texas Legal documents under rule 108 T.R.C.P.. I am over the age of eighteen (18), I am not a party to this case, and have no interest in its outcome. I am in all ways competent to make this affidavit and this affidavit is based on personal knowledge. The facts stated herein are true and correct. My business address is:
_555 Skokie Blvd, Northbrook, IL 60062_
**(SERVERS ADDRESS)**

2. ON _9-9-19_ **(DATE)** AT _2_ : _40_ ( _P_ )M **(TIME) CITATION, PLAINTIFF'S ORIGINAL PETITION**, came to hand for delivery to **EVANSTON INSURANCE COMPANY BY SERVING ITS GENERAL MANAGER OR ANY OTHER OFFICER OR DIRECTOR**.

3. ON _9-10-19_ **(DATE)** AT _10_ : _25_ ( _A_ ) M **(TIME)** The above named documents were hand delivered to: **EVANSTON INSURANCE COMPANY BY SERVING ITS GENERAL MANAGER OR ANY OTHER OFFICER OR DIRECTOR** by hand delivering to:

_Debbie Piper, Sr. Counsel_
**(NAME AND TITLE)** a person authorized to accept service @
_10 Parkway North, Deerfield, IL_
**(ADDRESS), in Person, in accordance to Rule 108 TRCP.**

**FURTHER AFFIANT SAYETH NOT.**

_[signature]_
**SERVER'S SIGNATURE**

_Roger Burton_
**SERVER'S PRINTED NAME**

**SWORN TO AND SUBSCRIBED** before me by _Roger Burton_ (server) appeared on **this** _10_ **day of** _September_, **2019** to attest witness my hand and seal of office.

_[signature]_
**NOTARY PUBLIC IN AND FOR THE STATE OF** _Illinois_
2019.08.407304

```
OFFICIAL SEAL
YELENA OGULNIK
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:11/30/22
```

Certified Document Number: 87196074 - Page 2 of 2



I, Marilyn Burgess, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   September 23, 2019

Certified Document Number:      87196074 Total Pages:  2

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**